IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

DAISY MARTINEZ BERRIOS

    Debtor

DAISY MARTINEZ BERRIOS

    Plaintiff

     vs.

PUERTO RICO TREASURY
DEPARTMENT

    Defendant

CASE NO. 16-10163 (ESL)

CHAPTER 13

ADV. PROC. NO. 17-0240 (ESL)

OPINION AND ORDER

This adversary proceeding is before the court upon the motion for partial summary judgment filed by Daisy Martinez Berrios ("Debtor" or "Plaintiff") on the ground that the uncontested facts show that the Puerto Rico Treasury Department willfully violated the automatic stay by continuing with collections efforts against the Debtor after the bankruptcy petition was filed. The Treasury Department of the Commonwealth of Puerto Rico ("Treasury" or "Defendant") answered by filing its own motion for summary judgment praying the court to dismiss the complaint as Treasury did not violate the automatic stay and "acted in accordance to the Bankruptcy Code and Puerto Rico Internal Revenue Code since the notification letter was not sent to the Plaintiff/Debtor, Mrs. Daisy N. Martínez Berrios." The Debtor filed an opposition to Treasury's motion for summary judgment and Treasury responded to the same.

The Debtor filed a petition under chapter 13 of the Bankruptcy Code on December 30, 2016. The chapter 13 plan dated May 17, 2017 was confirmed on June 19, 2017. The Debtor moved for post confirmation modification and submitted a chapter 13 plan dated January 9, 2019. The motion for post confirmation modification was granted and the amended chapter 13 plan is the confirmed plan. There are no pending matters in the bankruptcy case.

-1-

On August 21, 2017, Daisy Martinez Berrios filed the present complaint seeking redress for the alleged unlawful and deceptive practices committed by the Puerto Rico Treasury Department in connection with efforts to collect pre-petition debts from the debtor when the automatic stay was in effect, in violation of 11 U.S.C. §362. This complaint also seeks an order for the defendants to withdraw the notification of garnishment issued to the debtor's business, a "d/b/a." On January 9, 2018 the Treasury answered the complaint.

Jurisdiction

This court has jurisdiction under 28 U.S.C.§157 (a) (b) (1) and §1334. This action is a core proceeding under 11 U.S.C. §§362 and Fed. R. Bankr. P. 7001. Venue lies in this District pursuant to 28 U.S.C.§§1408;1409 and 1391(b).

Complaint

The factual allegations in the complaint state that Treasury was included in both the master address list and in Schedule D - Creditors Holding Secured Claims – for a pre-petition tax liability in the amount of $8,424.72. The court notes that, as stated in plaintiff's statement of uncontested facts, Defendant/Treasury was included in both the master address list, and in Schedule E/F - Creditors Holding Unsecured Claims - of the Bankruptcy Petition, disclosing Debtor's pre-petition tax debt in the amount of $8,424,72. On June 15, 2017 Treasury delivered a notification of garnishment to the Debtor's business, (d/b/a) Rene Auto Air, concerning years 2010, and 2016 tax liability. Treasury was given notice of the petition filing and the automatic stay provisions of 11 U.S.C. §362(a). Thus, Treasury had knowledge of the petition filing.

The factual allegations also state that the Debtor called Treasury after receiving the notification of garnishment to explain that after filing the voluntary petition she visited their Bankruptcy Department to deliver documents to avoid a garnishment. Treasury filed a proof of claim on June 15, 2017, in the amount of $15,808.39. The filing of the proof of claim proves that Treasury received notification of the voluntary petition and wanted to preserve its rights. Debtor/Plaintiff admits that proof of claim number 15 was amended by Treasury. The notification sent by Treasury "orders a garnishment of funds belonging to the debtor's d/b/a, René Auto Air, in any financial institution to retain $7,498.48 to cover for the pre-petition tax liability which will be paid through her Chapter 13 Plan."

Plaintiff concludes that "[t]he actions of defendants in this case, in seeking to collect payments from Plaintiff to satisfy debts incurred before the filing of their bankruptcy case, and by continuing various forms of legal action, are in violation of the automatic stay entered in

-2-

Plaintiff's bankruptcy case, entitle Plaintiff to the relief afforded under 11 USC sec. 362(k), and additionally constitute contempt of the bankruptcy court orders, including the order confirming debtor's plan."

Standard Motion for Summary Judgment

The court relies on the following prior decisions when analyzing the summary judgment standard: In re Román-Perez, 527 B.R. 844, 855 – 856, (Bankr. D.P.R. 2015); In re Otero Rivera, 511 B.R. 6 (Bankr. D.P.R. 2014); and In re Lopez, 492 B.R. 595 (Bankr. D.P.R. 2013).

Rule 56 of the Federal Rules of Civil Procedure is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202–203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205–206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). When

considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. 2548. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159, 90 S.Ct. 1598.

The summary judgment standard applies to both parties to the complaint as they have filed cross motions for summary judgment. The relevant facts are not in controversy. What is determinative is the reasonable inferences the court may make from the uncontested facts that is, was the notification of garnishment to the debtor's business, (d/b/a) Rene Auto Air, concerning years 2010, and 2016 tax liability, after Treasury was given notice of the petition filing and the

automatic stay provisions of 11 U.S.C. §362(a), a willful violation of the automatic stay. Summary judgment is proper only when one reasonable inference or interpretation of the facts can be drawn in favor of the moving party.

Position of the Parties

Debtor/Plaintiff

Plaintiff seeks the entry of a partial summary judgment alleging that there are no genuine issues of material facts and that the same show that Treasury's action was in willful violation of the automatic stay.

Plaintiff submits that on December 30, 2016, a Chapter 13 Bankruptcy petition was filed. Plaintiff informed in the petition that her D/B/A Name is Rene Auto Air; Treasury was included in both the master address list and in Schedule E/F - Creditors Holding Unsecured Priority Claims – for a pre-petition tax liability in the amount of $8,424.72. On January 5, 2017, notice of the filing of the bankruptcy petition was given to Treasury, "informing that all actions or proceedings to enforce any claims or to levy on property of the debtor subsequent to the filing of the aforesaid petition were stayed by law." The notice included the following warning: "In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. ...If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized." Treasury continued with collection efforts against the Plaintiff, delivering a notification of garnishment to Debtor's business (d/b/a) Rene Auto Air, concerning years 2010 and 2016 tax liability, which was included in Debtor's schedules. "After receiving the notification of garnishment, the Debtor/Plaintiff called PR Treasury to explain that after the filing of the voluntary petition, she visited the Bankruptcy Department of the agency to deliver the document in order to provide additional notification of the bankruptcy filing in order to avoid a garnishment." Treasury filed a proof of claim on June 15, 2017, in the amount of $15,808.39, proving with this action that it received the notification of the voluntary petition in this case and wanted to preserve its rights in the bankruptcy proceedings, and to collect payment through the case's plan. The claim was amended.

Plaintiff counters the motion for summary judgment filed by Treasury contending that "Ms. Martinez's business has an employer identification number #66-0495376 to file the Employees Withholding Tax Returns (300), Informative Income Tax Returns (400) and Sales' Tax (IVU) Return (550). However, such fact does not mean that the business is independent from her since it is not a legal entity for tax purposes as defined in 26 U.S.C. § 1471 and 26 U.S.C. §

7701. Furthermore, "Rene Auto Air" is not a registered corporation under the applicable laws of the Commonwealth of Puerto Rico; it is simply debtor's d/b/a."

Plaintiff's legal argument regarding the different tax identification numbers is the following:

The Internal Revenue Code (hereinafter "IRC") Title 26 of the U.S. Code explains the purpose of the assignment of a Tax Payer Identification Number. The social security numbers, IRS individual taxpayer identification numbers, and IRS adoption taxpayer identification numbers are used to identify individual persons. Employer identification numbers are used to identify employers. See 26 USC § 6109. The assignment of an employer identification number is made with the main purpose of maintaining a proper identification of the business entities for the filing of the tax returns. Pursuant to the Section 7701 (a) of the IRC, Ms. Martinez as a sole proprietor and not organized as a corporation, is not required to obtain an employer identification number and thus she can elect its classification for tax purposes. However, it is common practice to obtain an independent identification number for the business in order to distinguish business transactions from private personal affairs.

Furthermore, pursuant to the Internal Revenues Code of Puerto Rico, Ms. Martinez's business "Rene Auto Air" is also considered an individual for tax purposes. Specifically, the code, defines "person" for tax purposes as "an individual, trust or estate, partnership or corporation". See 13 L.P.R.A §30041 (a) (1). Ms. Martinez's business is not organized as any of these legal entities, thus for tax purposes is considered an individual and not independent from Ms. Martinez who is the owner and sole proprietor of the business. The fact that Ms. Martinez requested to PR Treasury Department, a merchant registry identification number does not convert her business into a legal entity. The assignment of such number is made solely with the purpose of complying with Section 32141 of the Puerto Rico Internal Revenue Code. Such section states that "any person who wishes to do business in Puerto Rico as a merchant must file with the Secretary an Application for Merchant's Registration Certificate for each commercial establishment". See 13 L.P.R. §32141 (a).Therefore, in order to operate her business Ms. Martinez had an obligation to request a different identification number to obtain her merchant registry certificate as required by the Internal Revenue Code of Puerto Rico code. Moreover, Ms. Martinez reports her business income as part of her individual income tax return. "Rene Auto Air" does not file an independent income tax return since it is not incorporated and/or organized to file a Corporation or Partnership Income Tax Return."

Plaintiff further counters the factual statement in Treasury's motion for summary judgment stating that:

The debt included in the levy notification sent by PR Treasury, belongs to Ms. Martinez, since her business operates as a d/b/a (doing business as) with no independent legal identity. See Exhibit C-Results of PR Registry of Corporations. Therefore, Ms. Martinez as the unincorporated business sole proprietor is the individual responsible to cover the tax debt. As previously stated, the employer tax payer identification number is used with the main purpose of identification for the filing of the returns and not to determine who is responsible for the debt. Defendant PR Treasury is trying to cover his illegal violation to the automatic stay under the allegation that the notification was sent regarding a different taxpayer, such defense is not warranted since Ms. Martinez and her business are the same person.

Plaintiff concludes in the opposition to Treasury's motion that:

"The levy notification was addressed to debtor's business (d/b/a Rene Auto Air). However, Ms. Martinez is the sole proprietor of her unincorporated business and operates as a "d/b/a" not under a separate legal entity. See Exhibit C - Results of PR Registry of Corporations "Rene Auto Air" and Ms. Martinez are the same for legal purposes. Therefore, the business assets and liabilities belong to Ms. Martinez' and are property of the estate. The illegal levy notification was sent to Ms. Martinez, inasmuch as she is the proprietor of her business under the name of "Rene Auto Air". Furthermore, Debtor included in her Voluntary Petition and Statement of Financial Affairs, the existence of her business operating as a "d/b/a". See also Voluntary Petition of the underlying case number 16-10163 (ESL), Docket #1. Thus, Defendant, was fully aware that "Rene Auto Air" belonged to Ms. Martinez and when it sent the notice of garnishment knew of debtor's bankruptcy filing."

Treasury/Defendant

Treasury answered Plaintiff's motion for summary judgment requesting the court "to dismiss with prejudice the Complaint as a matter of law since Plaintiff has failed to state a valid claim under Section 362 of the Bankruptcy Code." Treasury alleges that "[t]he Puerto Rico Treasury Department filed Proof of Claim No. 15-1 on June 15, 2017, which includes an unsecured priority debt of $10,682.20 and a general unsecured debt of $5,126.10 for a total tax liability of $15,808.30, for Individual Income Tax Returns (100) debts for the years 2004, 2006, 2012 and 2013. Treasury filed its claim under Mrs. Martinez's identification number and her record in the agency.

Rene Auto Air is a business with a separate identification number (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), which files its own taxes, Employees Withholding Tax Returns (300), Informative Income Tax Returns (400) regarding the 7% withholding for the payment of Professional Services and Use and Sale

Tax (IVU)(550). On June 16, 2017, Treasury issued a notice and demand for payment of the assessments debts for the Use and Sales Tax Returns (IVU-550) to Rene Auto Air, a business with a different identification number 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 of the Plaintiff's identification number. Treasury issued the notification with the debt that its records reflect under said identification number, which belongs to Rene Auto Air Business. Rene Auto Air is a taxpayer with identification number 660-49-537, different to the Plaintiff/Debtor which is another taxpayer with Social Security Number XXX-XX-0335.

After the Proof of Claim No. 15-1 was filed, Plaintiff/Debtor visited the Treasury Department Bankruptcy Office to inform that she wanted that all of the debts that belonged to the Business Rene Auto Air were included in her bankruptcy petition.   Plaintiff/Debtor requested that all of the Rene Auto Air Business' debt be included in the Treasury Department's Proof of Claim No. 15.

On July 12, 2017, the Treasury Department filed Amended Proof of Claim No. 15-2. The debts included in the Proof of Claim No. 15-2 are for the Individual Income Tax Returns (100) for the years 2004, 2006, 2012 and 2013; the assessment debt for failure to pay the corresponding Employees Withholding Tax Returns (300) for the years 2009, 2010, 2011, 2012 and for the Use and Sale Tax Returns (IVU-550) for the years 2010 and 2016, which belongs to Rene Auto Air Business.

The notification and demand of payment was sent to taxpayer Rene Auto Air Business, with a different identification number, and not to Plaintiff/Debtor. Treasury did not send a notification of lien to the Debtor. The Debtor's bank accounts were not recorded by the filing of a lien. Treasury did not engage in any collection collection effort, nor the notification of lien was conducted or addressed against Debtor; and no bank account of the Debtor was recorded  with any lien. Moreover, Treasury "immediately attended the Plaintiff/Debtor's requests and amended the Proof of Claim including the Rene Auto Air business' debts in Debtor's petition as requested."

Treasury replied to Plaintiff's opposition addressing the issue of separate identification numbers and efforts to collect as follows:

> "Rene Auto Air is a Business with identification number 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, which file its own taxes, Employees Withholding Tax Returns (300), Informative Income Tax Returns (400) regarding the 7% withholding for the payment of Professional Services and Use and Sale Tax (IVU)(550).See Defendant's Statement of Uncontested Facts No. 5 and see Exhibit III, at Docket No. 26.

As per aforementioned, Treasury Department issued a notice and demand for payment of the assessments debts for the Use and Sales Tax Returns (IVU-550) to the taxpayer Rene Auto Air a business with a different identification number 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 of the Plaintiff's/Debtor identification number. See Defendant's Statement of Uncontested Facts No. 6 and see Exhibit IV, at Docket No. 26. The Treasury Department issued the notification with the debt that its records reflect under said identification number, which belongs to the taxpayer Rene Auto Air Business. See Defendant's Statement of Uncontested Facts No. 7 and see Exhibit IV, at Docket No. 26. Is a fact that under Treasury Department records, Rene Auto Air Business is a taxpayer with an identification number 660-49-537, different to the Plaintiff/Debtor which is another taxpayer with ss XXX-XX-0335. See Defendant's Statement of Uncontested Facts No. 8 and see Exhibit IV, at Docket No. 26.The Puerto Rico Internal Revenue Code establishes the administrative process in order to demand the payment directly to the taxpayer. Accordingly, if Rene Auto Air Business does not respond as a taxpayer, then the Treasury Department can demand to the president or owner of the business pursuant Section 6080.01 of the Puerto Rico Internal Revenue Code, 13 LPRA §33331.

In the instant case, the Puerto Rico Treasury Department demand the payment directly to the taxpayer and not directly to the Debtor, who is the president of the Business. The Treasury Department filed Proof of Claim No. 15-1 on June 15, 2017, which includes an unsecured priority debt of $10,682.20 and a general unsecured debt of $5,126.10 for a total tax liability of $15,808.30, for Individual Income Tax Returns (100)debts for the years 2004, 2006, 2012 and 2013.See Defendant's Statement of Uncontested Facts No. 3 and see Exhibit I, at Docket No. 26.Treasury Department filed its claim under Mrs. Martinez's identification number (ss) and her record in the agency. See Defendant's Statement of Uncontested Facts No. 4 and see Exhibit II, at Docket No. 26.After the Proof of Claim No. 15-1 was filed, Plaintiff/Debtor requested to Treasury Department that all of the Rene Auto Air Business' debt were included in the Treasury Department's Proof of Claim No. 15 in her bankruptcy petition. On July 12, 2017, Treasury Department filed an Amended Proof of Claim No. 15-2. The appearing Defendant reiterates its opposition to Plaintiff/Debtor's allegation of willfully violation of the automatic stay. The notification and demand of payment was sent to taxpayer Rene Auto Air Business with a different identification number and not to Plaintiff/Debtor. In addition, the identification number of Rene Auto Air was not included in the Notice of Chapter 13 Bankruptcy Case at docket 6 of the Mrs. Martínez bankruptcy case. Treasury Department never sent a notification of lien to Debtor. The Debtor's bank accounts never were recorded by any lien, because no collection effort or notification of lien was conducted or addressed against Debtor. See Defendant's Statement of Uncontested Facts No. 13, at Docket No. 26. Moreover, no banks accounts were recorded by any lien."

Uncontested Facts

1. On December 30,2016, the Debtor/Plaintiff filed a Chapter 13 Bankruptcy petition (Case number 16-10163-ESL13). The plaintiff included in the bankruptcy petition her D/B/A Name, Rene Auto Air. The court notes that paragraph 4 of the petition the debtor also names Rene Auto Air Mecánica General and Rene Auto Mecánica.

2. Defendant/Treasury was included in both the master address list, and in Schedule E/F "Creditors Holding Unsecured Claims" of the Bankruptcy Petition, disclosing Debtor's pre-petition tax debt in the amount of $8,424,72.

3. On January 5, 2017 notice was given through the CM/ECF System, including Defendant/Treasury, that all actions or proceedings to enforce any claims or to levy on property of the debtor subsequent to the filing of the aforesaid petition were stayed by law.

4. On August 21, 2017, Plaintiff/Debtor filed the instant adversary proceeding against defendant, the Treasury Department of the Commonwealth of Puerto Rico for alleged violation to the automatic stay.

5. The Puerto Rico Treasury Department filed Proof of Claim No. 15-1 on June 15, 2017, which includes an unsecured priority debt of $10,682.20 and a general unsecured debt of $5,126.10 for a total tax liability of $15,808.30, for Individual Income Tax Returns (100) debts for the years 2004, 2006, 2012 and 2013.

6. Treasury filed claim number 15-1 under Mrs. Martinez's identification number (Social Security Number) as appears in the agency records.

7. Rene Auto Air is a business with identification number 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, which filed Employees Withholding Tax Returns (300), Informative Income Tax Returns (400) regarding the 7% withholding for the payment of Professional Services and Use and Sale Tax (IVU)(550).

8. On June 16, 2017, Treasury issued a notice and demand for payment of the assessments debts for the Use and Sales Tax Returns (IVU-550) to Rene Auto Air, a business with identification number 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, and not with the Debtor/Plaintiff's identification number.

9. The Treasury Department issued the notification with the debt that its records reflect under said identification number, which belongs to Rene Auto Air Business.

10. Rene Auto Air Business is a taxpayer with an identification number 660-49-537, different to the Plaintiff/Debtor which is another taxpayer with ss XXX-XX-0335.

11. After Proof of Claim No. 15-1 was filed, Plaintiff/Debtor visited the Treasury Department Bankruptcy Office to inform that she had filed a bankruptcy petition, had received a

notice of levy and wanted to prevent further collection efforts. Treasury alleges that the Debtor also wanted that all of the debts that belonged to the Business Rene Auto Air be included in her bankruptcy petition. The date has not been specified, but must have been after June 16, 2017, the date of the notice of levy, and before July 12, 2017 when the amended proof of claim was filed.

12. On July 12, 2017, Treasury Department filed an Amended Proof of Claim No. 15-2.

13. The debts included in the Proof of Claim No. 15-2 are for the Individual Income Tax Returns (100) years 2004, 2006, 2012 and 2013 which belonged to Debtor, Mrs. Daisy N. Martínez; and the assessment debt for failed to pay the corresponding Employees Withholding Tax Returns (300) for the years 2009, 2010, 2011, 2012 and for the Use and Sale Tax Returns (IVU-550) for the years 2010 and 2016, which belong to Rene Auto Air Business.

14. The Debtor's bank accounts never were recorded by any lien, because no collection effort or notification of lien was conducted or addressed in the name of Mrs. Daisy N. Martínez Berrios.

The Automatic Stay

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95–595, 95th Cong. 1st Sess. 340–342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54–55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296–97. ICC v. Holmes Transp., Inc., 931 F.2d 984, 987 (1st Cir.1991); In re Smith Corset Shops, Inc., 696 F.2d 971, 977 (1st Cir.1982). "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Id. at 977.

Section 362 of the Bankruptcy Code provides that upon filing for bankruptcy, a debtor is immediately protected by an automatic stay that prohibits, *inter alia,* the "continuation ... or other action or proceeding against the debtor that was or could have been commenced before the [bankruptcy petition] or to recover a claim against the debtor that arose before the commencement of the case under this title" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case ..." 11 U.S.C. § 362(a)(1) and (6). "This respite enables debtors to resolve their debts in a more orderly fashion and at the same time safeguards their creditors by preventing different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969,

975 (1st Cir.1997) (citations omitted). "Section 362(a)(6) is intended to prevent creditor harassment of the debtor in attempting to collect pre-petition debts. The conduct prohibited ranges from that of an informal nature, such as by telephone contact or by dunning letters, to more formal judicial and administrative proceedings that are also stayed under subsection (a)(1)." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03[8][a] (16th ed.2015).

The uncontested facts show that the automatic stay was in effect, Treasury had actual notice of the filing of the petition, and Treasury delivered the notification of garnishment to the debtor's business, (d/b/a) Rene Auto Air, concerning years 2010, and 2016 tax liability after the petition was filed.

Violation of the Automatic Stay

"The automatic stay imposes on non-debtor parties an affirmative duty of compliance." Whitman–Nieves v. P.R. Fed. Credit Union (In re Whitman–Nieves), 519 B.R. 1, 8 (Bankr. D.P.R.2014), quoting Otero–Lopez v. Dep't of Treasury of P.R. (In re Otero–Lopez), 492 B.R. 595, 607 (Bankr. D.P.R.2013). To ensure compliance of the automatic stay, section 362(k) of the Bankruptcy Code provides the necessary means to redress its violation: "an individual injured by a willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages". 11 U.S.C. § 362(k)(1). "A debtor seeking damages under this section bears the burden of proving by a preponderance of the evidence the following three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577–578 (1st Cir. BAP 2012), citing In re Panek, 402 B.R. 71, 76 (Bankr. D.Mass.2009). "A willful violation does not require a specific intent to violate the automatic stay." In re Otero, 492 B.R. at 607. "The standard for a willful violation of the automatic stay ... is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortgage Group v. Kaneb, 196 F.3d 265, 269 (1st Cir.1999). "The debtor has the burden of providing the creditor with actual notice. Once the creditor receives actual notice, the burden shifts to the creditor to prevent violations of the automatic stay." Id. "In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate." Id. "A violation may also be willful if the creditor's original action in violation of the stay occurred without notice of the bankruptcy filing, but it failed to take prompt action to remedy the violation after receipt of notice." Chapter 13 Practice & Procedure § 5B:6. Also see In re Abrams, 127 B.R. 239, 243–244

(9th Cir. BAP 1991); In re Combs, 2006 Bankr. LEXIS 3569, 2006 WL 6591825 (Bankr. N.D.Ga.2006); In re Smith, 180 B.R. 311 (Bankr. N.D.Ga.1995) (failure to vacate judgment entered post-petition constituted a willful violation of the automatic stay); Commercial Credit Corp. v. Reed, 154 B.R. 471, 476 (E.D.Tex.1993) ("[A] creditor must act *immediately* to restore the status quo once it learns that it has violated the stay."); In re Wariner, 16 B.R. 216 (Bankr. N.D.Tex.1981) ("A creditor has an affirmative duty to return the property and restore the *status quo* once it learns its actions violated the stay."); In re Miller, 10 B.R. 778 (Bankr. D.Md.1981) (creditor has an affirmative obligation to return vehicle repossessed post-petition; failure to do so constituted a willful stay violation and supported an award of damages); In re Taylor, 190 B.R. 459, 461 (Bankr. S.D.Fla.1995) ("once notice was given [to creditor] that the petition relief had been filed, [he] had an affirmative duty to undo the technical violation).

The basic determinations that the court must make are whether Treasury intended the actions which constituted the automatic stay violation and whether Treasury failed to take prompt action to remedy the violation after it became aware of the same. These two determinations will place the court in a position to conclude if there was a willful violation of the automatic stay. However, the conclusion must be made within the summary judgment standards. The relevant actions are uncontested. The issue is whether under the uncontested facts and the reasonable inferences from the same Treasury had the intent to violate the automatic stay.

Discussion

It is uncontested that that the notice of levy sent by Treasury on June 16, 2017 was executed after the filing of the petition on December 30, 2016, while the automatic stay provisions of section 362(a) were in effect, and that Treasury had actual notice of the bankruptcy filing by Daisy Martinez Berrios, D/B/A Rene Auto Air, with a social security number ending in 0335. It is also uncontested that on June 16, 2017, Treasury issued a notice and demand for payment of the assessments debts for the Use and Sales Tax Returns (IVU-550) to Rene Auto Air, a business with identification number 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, and not with the Debtor/Plaintiff's identification number.

The uncontested facts also show that in less than thirty (30) days after the Debtor visited Treasury's offices to question the notice of levy issued to Rene Auto Air, Treasury Amended Proof of Claim No. 15-2 to include both the debt owed by Daisy Martinez Berrios for Individual Income Tax Returns and Rene Auto Air for Employees Withholding Tax Returns and Use and Sale Tax returns. The uncontested facts further show that the Debtor's bank accounts never were

-13-

recorded by any lien and no collection effort or notification of lien was conducted or addressed in the name of Mrs. Daisy N. Martínez Berrios.

In this case there is no genuine issue of material fact. The Parties disagree as to the inferences to be drawn from these facts. An "inference may be derived from the totality of circumstances, including from circumstantial facts and post-transaction conduct." Sheila Dewitt and Joseph Dewitt v. Edward T. Stewart, Jr., 948 F.3d 509, 523 (1st Cir, 2020). A factual inference must be based upon substantial evidence. When considering inferences in the summary judgment context, such inferences must be reasonable in light of the uncontested facts and cannot be based on speculation. However, summary judgment is proper when only one reasonable inference or interpretation of the facts can be drawn in favor of the moving party. Therein lies the court's predicament in this case. The inferences that can be drawn from the uncontested facts are reasonable as to the conclusion proposed by both parties. Also, the court has not been placed in a position to determine what is the proper or accepted procedure to follow by Treasury when an individual has both a personal and business tax identification number for the unincorporated business she operates as sole proprietor when assessing taxes owed. Such evidence is critical for the court to determine if the defendant willfully violated the automatic stay.

Conclusion

In view of the foregoing, the motions for summary judgment filed by plaintiff and defendant are hereby denied. The court will schedule a pretrial in a separate order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of April 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-14-