IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

DAISY MARTINEZ BERRIOS

   Debtor

DAISY MARTINEZ BERRIOS

   Plaintiff

    vs.

PUERTO RICO TREASURY DEPARTMENT

   Defendant

CASE NO. 16-10163 (ESL)

CHAPTER 13

ADV. PROC. NO.  17-0240 (ESL)

OPINION AND ORDER

The instant adversary proceeding came before the court on January 12, 2021 for an evidentiary hearing to determine whether the Puerto Rico Treasury Department ("Treasury") had violated the automatic stay provisions of section 362(a) of the Bankruptcy Code, 11 U. S. C. § 362(a), by demanding payment of taxes owed by Rene Auto Air, a business operated by the debtor and with a separate identification number. The evidentiary hearing was prompted by this court's decision of April 8, 2020 on the cross motions for summary judgment filed by the parties (dkt. #34). The court incorporates the facts determined to be uncontested, the position of the parties, the background of the controversy detailed in the same, and the applicable law on violation of the automatic stay provisions.

The court concluded in the April 8, 2020 Opinion and Order that:

It is uncontested that the notice of levy sent by Treasury on June 16, 2017 was executed after the filing of the petition on December 30, 2016, while the automatic stay provisions of section 362(a) were in effect, and that Treasury had actual notice of the bankruptcy filing by Daisy Martinez Berrios, D/B/A Rene Auto Air, with a social security number ending in 0335. It is also uncontested that on June 16, 2017, Treasury issued a notice and demand for payment of the assessments debts for the Use and Sales Tax Returns (IVU-550) to Rene Auto Air, a business

with identification number 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, and not with the Debtor/Plaintiff's identification number.

The uncontested facts also show that in less than thirty (30) days after the Debtor visited Treasury's offices to question the notice of levy issued to Rene Auto Air, Treasury Amended Proof of Claim No. 15-2 to include both the debt owed by Daisy Martinez Berrios for Individual Income Tax Returns and Rene Auto Air for Employees Withholding Tax Returns and Use and Sale Tax returns. The uncontested facts further show that the Debtor's bank accounts never were recorded by any lien and no collection effort or notification of lien was conducted or addressed in the name of Mrs. Daisy N. Martínez Berrios.

In this case there is no genuine issue of material fact. The Parties disagree as to the inferences to be drawn from these facts. An "inference may be derived from the totality of circumstances, including from circumstantial facts and post-transaction conduct." Sheila Dewitt and Joseph Dewitt v. Edward T. Stewart, Jr., 948 F.3d 509, 523 (1st Cir, 2020). A factual inference must be based upon substantial evidence. When considering inferences in the summary judgment context, such inferences must be reasonable in light of the uncontested facts and cannot be based on speculation. However, summary judgment is proper when only one reasonable inference or interpretation of the facts can be drawn in favor of the moving party. Therein lies the court's predicament in this case. The inferences that can be drawn from the uncontested facts are reasonable as to the conclusion proposed by both parties. Also, the court has not been placed in a position to determine what is the proper or accepted procedure to follow by Treasury when an individual has both a personal and business tax identification number for the unincorporated business she operates as sole proprietor when assessing taxes owed. Such evidence is critical for the court to determine if the defendant willfully violated the automatic stay.

Plaintiff filed proposed findings of fact on January 5, 2021 (dkt. #48) and so did Treasury on January 7, 2021 (dkt. #49). Plaintiff presented the testimony of the debtor, Daisy Martinez Berrios and defendant, Treasury, presented the testimony of Ms. Sandra Rodríguez González, Supervisor of the Puerto Rico Treasury Department Bankruptcy Division. The direct testimony of the debtor was submitted in an unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, attached to the proposed findings of fact. The submission of the declaration was in conformity with this court's order of September 18, 2020 (dkt. #44), which intended to facilitate evidentiary hearings under the Covid-19 pandemic. Treasury proceeded to cross examine the debtor.

Discussion of Evidence

On December 30, 2016, the Debtor/Plaintiff filed a Chapter 13 bankruptcy petition. The plaintiff included in the bankruptcy petition her D/B/A name, Rene Auto Air. In the Statement of Financial Affairs, the plaintiff included the name of her d/b/a business Rene Auto Air, and the employer identification number 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. Rene Auto Air is an unincorporated business of the debtor with identification number 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, which filed Employees Withholding Tax Returns (300), Informative Income Tax Returns (400) regarding the 7% withholding for the payment of Professional Services and Use and Sale Tax (IVU)(550). The Notice of Chapter 13 was issued on December 31, 2016 at Docket No. 6, case 16-10163.

The Puerto Rico Treasury Department filed Proof of Claim No. 15-1 on June 15, 2017, which includes an unsecured priority debt of $10,682.20 and a general unsecured debt of $5,126.10 for a total tax liability of $15,808.30, for Individual Income Tax Returns (100) debts for the years 2004, 2006, 2012 and 2013. Treasury Department filed its claim under Mrs. Martinez's identification number (s) and her record in the agency.

Rene Auto Air is a business with identification number 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, which file its own taxes, Employees Withholding Tax Returns (300), Informative Income Tax Returns (400) regarding the 7% withholding for the payment of Professional Services and Use and Sale Tax (IVU)(550). The Treasury Department records show that Rene Auto Air Business is a taxpayer with an identification number 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, different to the Plaintiff/Debtor which is another taxpayer with ss XXX-XX-0335.

On June 16, 2017, PR Treasury Department delivered a notification of garnishment and demand for payment to the debtor's business (d/b/a) Rene Auto Air concerning years 2010 and 2016 tax liability. The lien notification was made to Rene Auto Air under its tax identification number, which is different form the one of the individual debtor. Although the tax identification number was included in the statement of affairs, it was not included in the bankruptcy notice issued on December 31, 2016 in the bankruptcy case, which notified creditors and parties in interest of the bankruptcy filing, the date of the 341 meeting of creditors, the appointment of the interim chapter 13 trustee, the deadlines to object to the discharge or to the dischargeability of a debt, and the deadline to file claims. Only the last four digits of debtor's personal social security number was included. The notice did disclose as other names used in the last 8 years: Rene Auto

-3-

Air Mecanica General, dba Rene Auto Mecanica. The disclosed names are similar but not identical to Rene Auto Air.

After the Proof of Claim No. 15-1 was filed, Plaintiff/Debtor visited the Treasury Department Bankruptcy Office to inform that she had filed a bankruptcy petition, had received a notice of levy, and wanted to prevent further collection efforts. Plaintiff/Debtor requested to Treasury Department that all the Rene Auto Air Business' debt be included in the Treasury Department's Proof of Claim No. 15 filed in her personal bankruptcy petition.

On July 12, 2017, Treasury Department filed an Amended Proof of Claim No. 15-2 , the debts included are for the Individual Income Tax Returns (100) years 2004, 2006, 2012 and 2013 which belonged to Debtor and the assessment debt for failure to pay the corresponding Employees Withholding Tax Returns (300) for the years 2009, 2010, 2011, 2012 and for the Use and Sale Tax Returns (IVU-550) for the years 2010 and 2016, which belonged to Rene Auto Air Business.

Ms. Sandra Rodríguez González, Bankruptcy Division Supervisor of the Puerto Rico Treasury Department, hereinafter "Bankruptcy Supervisor", testified that after she received notification of the instant adversary proceeding she reviewed the file on Treasury's records, and no action was taken against the debtor after the amended proof of claim was filed.

She testified that the standard procedures in the Treasury when a bankruptcy petition is filed are to verify the social security number, assign a technician to the case, and file a proof of claim. In this case an amended proof of claim was filed after Treasury received the information from Ms. Martinez regarding Rene Auto Air. The particular fact of this case is that the debtor's personal social security was considered separately as separate tax returns were filed by Ms. Martinez and by Rene Auto Air. The standard process followed when there are two tax identification numbers, individual and business, is to consider the same as separate tax entities. In this case, after Ms. Martinez' visit, Treasury manually made a change to amend the proof of claim.

Treasury withdrew the garnishment but did not notify the debtor. No garnishment or collection effort was made after the petition was filed. The Debtor's bank accounts were never recorded by any lien because no collection effort or notification of lien was conducted or addressed against Mrs. Daisy N. Martínez Berrios.

Conclusion

After considering the evidence presented by the parties in light of the uncontested facts and the concern expressed by this court in the April 8, 2020 opinion and order, the court concludes that the procedures followed by Treasury when assessing taxes owed by an individual who has both, a personal and business tax identification number for the unincorporated business she operates as a sole proprietor, are reasonable. In addition, when the particular circumstances of this case were brought to Treasury's attention, corrective action was taken within a reasonable time. Furthermore, no action was taken by Treasury to make effective any garnishment against the debtor nor its dba Rene Auto Air.

Therefore, the court determines that Treasury did not willfully violate the automatic stay provisions of section 362(a).

In view of the foregoing, judgment will be entered dismissing the instant adversary proceeding.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of March 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge